UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jenna Lucht, | Civil No. 17-4200 (FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy Berryhill,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Edward Olson and Karl Osterhout, for Plaintiff.
Linda Green, Assistant United States Attorney, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (ECF No. 19). In the instant motion, Plaintiff seeks an award of $8,341.27 in attorney's fees and costs of $400. For the reasons that follow, the Court orders that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

On September 11, 2017, Plaintiff Jenna Lucht initiated this action seeking judicial review of the final decision of Defendant Nancy Berryhhill, the Acting Commissioner of Social Security ("Commissioner"), denying her claim for Social Security benefits. *See* ECF No. 1. On March 15, 2018, the parties filed a stipulation for remand to the Social Security Agency pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). *See* ECF No. 15. Based on the parties' stipulation, on March 21, 2018, the Court remanded the case to the Commissioner for further proceedings, *see* ECF No. 17, and on the same day, the Court entered judgment in Plaintiff's favor.

*See* ECF No. 18.

Plaintiff's counsel now seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 19. Plaintiff's counsel represents that he spent 42.1 hours working on this matter at a rate of $198.13 an hour. *See id.* The Commissioner does not generally oppose Plaintiff's counsel's request for an award of EAJA fees and costs, but does object to the $8,341.27 requested fees; to that end, the Commissioner does not object to an EAJA award of $400.00 in costs or oppose Plaintiff's counsel's requested $198.13 hourly rate. *See* ECF No. 22 at 1, 6. However, the Commissioner argues that the amount of time Plaintiff's counsel allocated to this case, 42.1 hours, is excessive and unreasonable in light of the fact that the parties stipulated to a remand. *See id.*

## II. ANALYSIS

The EAJA requires a court to award costs, fees, and other expenses incurred by a party that prevails against the United States in any non-tort-related civil action "including proceedings for judicial review of agency action . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party "prevails" under 28 U.S.C. § 2412 if she secures a judgment that reverses the Commissioner's denial of disability benefits and remands the case for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). The Commissioner bears the burden of proving that its position was substantially justified or that special circumstances make an award unjust. *See Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he district court has discretion in

2

determining the amount of a fee award." *Id.*

The Commissioner does not dispute that Plaintiff is a prevailing party, only that Plaintiff's counsel's requested fees and costs are unreasonable in light of the parties' stipulated remand and that Plaintiff's counsel was not required to file a reply brief. *See generally* ECF No. 22. The Commissioner represents that she is amendable to an award "of no more than 35 hours and $6,934.55." *Id.* at 3. The Commissioner further argues that Plaintiff's counsel's requested fee amount is comparable to previous fee totals he was awarded in cases requiring far more work. *See id.* In essence, the Commissioner argues that Plaintiff's counsel is representing that he spent the same amount of time here as he claimed he spent in cases that took considerably more effort, with no fee abatement despite the Commissioner's stipulation to remand. *See id.*

"[R]outine disability cases commonly require 20 to 40 hours of attorney time." *Coleman v. Asture*, No. C05-3045-PAZ, WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007); s*ee, e.g.*, *Cruz v. Apfel*, 48 F. Supp. 2d 226, 230 (E.D.N.Y.1999) (holding that Social Security disability insurance benefit cases generally require 20 to 40 hours of attorney time). Here, given that the parties stipulated to a remand, no motion for summary judgment was filed by the Commissioner, no response field by the Commissioner to Plaintiff's motion for summary judgement, and no reply briefing was needed on Plaintiff's motion for summary judgment, this Court, in its discretion, concludes that this case falls within the ambit of the number of hours commonly required for litigating a routine disability insurance claim under the Social Security Act. *See, e.g., Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir.1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"). Accordingly, this Court concludes that Plaintiff's counsel's requested 42.1 hours must be reduced to 38 hours, for a total EAJA fee award of $7,528.94. *See Hensley*, 461 U.S. at 437.

## III. ORDER

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (ECF No. 19) is **GRANTED in part** and **DENIED in part**. Plaintiff's specific request for an $8,341.27 award in attorney's fees under the EAJA is **DENIED**. However, Plaintiff's general request for EAJA costs and fees is **GRANTED**; Plaintiff is entitled to an EAJA award totaling $7,528.94 in attorney's fees and $400 in costs.

DATED: July 11, 2018  *s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge